Dear Mr. Ward:
You advise that there is pending a lawsuit to be filed in Pointe Coupee Parish involving the Town of Fordoche and a local fire district. You further advise that both the Town of Fordoche and the fire district are to be represented by your office. Based on these facts, you ask whether an ethical conflict is raised for the Assistant District Attorney representing the Town of Fordoche.
LSA-R.S. 16:2 establishes the duty and the authority of the district attorney to represent state and parochial governmental entities:
 The district attorneys . . . shall ex officio be the regular attorneys and counsel for the police juries, parish school boards and city school boards within their respective districts and of every state board or commission domiciled therein, including levee boards, hospital and asylum boards, education boards, and all state boards and commissions . . .
This office has previously determined that the district attorney is regular counsel for fire protection districts. See Attorney General Opinion 77-1411, enclosed. However, the district attorney is not required to represent the Town of Fordoche. The Town of Fordoche, which is governed by the Lawrason Act, is authorized under LSA-R.S. 33:386(C) to employ counsel as follows:
 C. The mayor, subject to confirmation by the board of aldermen, may appoint and fix compensation for an attorney at law for the municipality, whose duties in such capacity may include representation of all municipal officers as defined by LSA-R.S. 33:381(A) in actions against them in connection with and arising out of their functions as such officers, and other duties as prescribed by the mayor. The municipality may also employ counsel to represent its interest should the occasion require.
While the law may not prohibit the officials of the Town of Fordoche from appointing an Assistant District Attorney to represent the Town in the lawsuit, it certainly permits the Town to engage other counsel. This occurrence would, of course, remove the potential conflict.
At the very least, the appearance of a conflict concerning this dual representation by your office is raised by the circumstances.
The Rules of Professional Conduct guard against the representation of clients with competing interests. Rules 1.7 and 1.8 provide, in pertinent part:
Rule 1.7. Conflict of interest: General rule
 Loyalty is an essential element in the lawyer's relationship to a client. Therefore:
 (a) A lawyer shall not represent a client if the representation of that client will be directly adverse to another client, unless:
 (1) The lawyer reasonably believes the representation will not adversely affect the relationship with the other client; and
(2) Each client consents after consultation.
 (b) A lawyer shall not represent a client if the representation of that client may be materially limited by the lawyer's responsibilities to another client or to a third person, or by the lawyer's own interests, unless;
 (1) The lawyer reasonably believes the representation will not be adversely affected; and
(2) The client consents after consultation.
 When representation of multiple clients in a single matter is undertaken, the consultation shall include explanation of the implications of the common representation and the advantages and risks involved.
 * * * * *
 Rule 1.8 Conflict of interest: Prohibited transactions
 As a general principle, all transactions between client and lawyer should be fair and reasonable to the client. Furthermore, a lawyer may not exploit his representation of a client or information relating to the representation to the client's disadvantage.
The Town of Fordoche, if advised by counsel of the potential conflict, should consent to the representation after consultation, pursuant to Rule 1.7. You may request a ruling concerning the question of a conflict from the Ethics Advisory Committee, Louisiana State Bar Association, 601 St. Charles Avenue, New Orleans, Louisiana, 70130.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: _____________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL